IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVE HAUSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 16-33-J |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

# **O R D E R**

AND NOW, this 26th day of September, 2017, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 24) filed in the above-captioned matter on March 8, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 22) filed in the above-captioned matter on February 7, 2017,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation of new evidence not previously considered by the Administrative Law Judge ("ALJ") as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence six of 42 U.S.C. § 405(g) in light of this Order.

Plaintiff, Eve Elizabeth Hauser, filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, on April 9, 2014, and protectively filed a claim for Supplemental Security Income under Title XVI of the Act, 42

1

U.S.C. §§ 1381-1383f, effective April 9, 2014, claiming that she became disabled on January 16, 2014, due to heart disease, diabetes, and anemia. (R. 18, 67, 78, 140-55, 197). After being denied initially on August 13, 2014, Plaintiff sought, and obtained, a hearing before an ALJ on January 13, 2015. (R. 18, 36-66, 98-97). At the time, she was not represented by counsel. (R. 9, 18, 38). In a decision dated May 15, 2015, the ALJ denied Plaintiff's request for benefits. (R. 18-31). On May 26, 2015, Plaintiff retained counsel, who, on that same date, filed a request for review of the ALJ's decision in which he requested time to provide additional medical evidence. (R. 8, 9). Although it granted Plaintiff's request for additional time, and although additional evidence was presented, the Appeals Council declined to review the ALJ's decision on November 27, 2015. (R. 1-5, 10-11). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

One of the forms of relief sought by Plaintiff, albeit in a somewhat vague manner, is for this Court to remand the matter back to the Commissioner to consider the evidence Plaintiff submitted to the Appeals Council, but not to the ALJ, specifically, Exhibit 19, consisting of medical records from Cardiology Associates (R. 661-696), Exhibit 20, containing medical records from Blair Medical Associates (R. 697-738), and Exhibit 21, a medical source opinion from Plaintiff's treating cardiologist, Hany Shanoudy, M.D. (R. 739-42). It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Under the unique facts of this case, Plaintiff has met this burden.

The majority of the records contained in Exhibits 19 and 20, submitted by counsel to the Appeals Council but not included in the record before the ALJ, are new and not merely cumulative of what is in the record. The Court notes that, as is common in any medical file, certain documents within the records contained in these exhibits are duplicative of others already in the record. In general, however, the records pertain to different dates than do the medical records already received by the ALJ. Exhibit 21, Dr. Shanoudy's opinion as to Plaintiff's functional limitations, is not contained elsewhere in the record and therefore also satisfies the first criterion.

As to materiality, in regard to the medical records contained in Exhibits 19 and 20, the Court first notes that the bulk of the records are from before the date the ALJ issued his decision and therefore relate to the relevant time period. See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were

denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."). Although there are a few exceptions, *e.g.* (R. 686-87, 689), even these materials are from only a couple of weeks after the ALJ issued his decision.

Dr. Shanoudy's opinion is dated June 9, 2015, a few weeks after the ALJ issued his decision. However, Dr. Shanoudy has been treating Plaintiff since January of 2014, well within the relevant time period. Given that Dr. Shanoudy's relationship with Plaintiff extends well into the relevant time period and that the opinion is from very shortly after that period, and given that there are very few records post-dating the ALJ's decision, none of which evidence any substantial change in Plaintiff's condition, it is reasonable to find that Dr. Shanoudy intended his opinion to relate to the relevant time frame.

Moreover, the record demonstrates a reasonable possibility that the opinion would have changed the outcome of the determination. First, Dr. Shanoudy was Plaintiff's treating cardiologist. It is axiomatic that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more

4

or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. As Plaintiff points out, Dr. Shanoudy's opinion provides for greater restrictions than those contained in the residual functional capacity ("RFC") as formulated by the ALJ. (R. 23-24, 740-42). The fact that Exhibit 21 therefore contains a treating physician's opinion that arguably relates to the relevant time period and that is inconsistent with the ALJ's findings weighs strongly in favor of materiality.

Further, the opinion contained in Exhibit 21 pertains directly to one of the reasons given by the ALJ for affording little weight to Dr. Shanoudy's previous opinion, offered on September 5, 2014 (R. 609). The ALJ, in giving little weight to the September 5 opinion, acknowledged that Dr. Shanoudy was, in fact, Plaintiff's treating cardiologist, but emphasized that the opinion was general in nature and lacked a medical source statement containing a detailed function-by-funtion analysis of Plaintiff's RFC. (R. 28). Dr. Shanoudy's June 9 opinion appears to contain far more specific findings as to Plaintiff's functional limitations.

As such, the Court finds Exhibit 21 to be material. While it is not clear that Exhibits 19 and 20, in and of themselves, would meet this criterion, the Court finds them to be material for purposes of remand, as they will be relevant to the ALJ's consideration of Dr. Shanoudy's opinion and the opinion evidence in general.

The final criterion is that Plaintiff must show good cause for not having incorporated the new evidence into the administrative record. As noted, Plaintiff was unrepresented at the hearing before the ALJ. (R. 18, 38). The ALJ clearly and thoroughly explained the ramifications of this to Plaintiff, but she chose to proceed anyway. (R. 38-41). It was not until after the ALJ issued his decision that Plaintiff appears to have understood the need for counsel. To be frank, under different circumstances, the Court likely would not find this to establish good cause. Indeed, a

claimant cannot get more than one bite at the apple by withholding evidence that should have been submitted in a timely manner. Nonetheless, the Court finds good cause to exist in this case.

First, Plaintiff obtained the additional record evidence within just a few weeks of the ALJ's decision. Moreover, it appears that she had attempted to, and did, obtain an opinion from Dr. Shanoudy prior to the hearing – the afore-mentioned September 5 opinion – that was included in the record before the ALJ. (R. 609). However, as a lay person, Plaintiff was likely unaware that this opinion lacked the detail normally expected of a medical source statement. Given the significance of the treating physician's opinion in this case, and given that special care is to be taken to ensure that an adequate record is developed when a social security claimant proceeds pro se, see Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003),[1] and taking into consideration Plaintiff's general good faith in trying to represent herself in this matter, the Court finds that, under these unique circumstances, good cause exists to remand this case for the consideration of new evidence.

Accordingly, the matter is remanded to the Commissioner under sentence six of Section 405(g) for reconsideration of the record in light of Exhibits 19, 20, and 21. The Court takes no position as to the weight to be given to any of this evidence, and makes no finding as to whether the ALJ's present findings could still be supported by substantial evidence after taking this new evidence into account.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] The Court emphasizes that it is in no way implying that the ALJ failed in his duty to develop an adequate record in this case. Indeed, the ALJ seemed to do everything he could to assist Plaintiff in presenting her case. It is the existence of new, material evidence that the ALJ had not seen that necessitates the remand in this case.